IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>BRIAN JOE SANTOS<br>(*aka* BEBOY),<br>DOB: 05/28/1985<br><br>Defendant. | Criminal Case No. CF0078-25<br>GPD Report Nos. 25-02688 / 25-01867<br><br>DECISION AND ORDER<br>DENYING<br>DEFENDANT'S MOTION TO DISMISS |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on April 24, 2026 for hearing on Brian Joe Santos's (*aka* Beboy's) ("Defendant's") Motion to Dismiss ("Motion"). Assistant Attorney General Lucas Wood represents the People, and Assistant Public Defender Zachary Taimanglo represents Defendant. Having duly considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

## BACKGROUND

Defendant is charged with one count of Terrorizing (as a 3rd Degree Felony) and two counts each of Family Violence (as a Misdemeanor) and Assault (as a Misdemeanor). See Indictment (Feb. 6, 2025). The charges stem from alleged incidents on: (i) January 20, 2025 in which Defendant repeatedly punched and struck Johanna Rose Davis ("Victim") with a cane, and (ii) January 30, 2025 in which Defendant threatened to kill Victim and their five shared children. See Magistrate's Complaint (Jan. 31, 2025).

On February 25, 2025, Defendant filed his Request for Disclosure, directing the People to disclose "any ... photograph ... which the prosecuting attorney intends to use in the trial" as well as "any material or information which might tend to negate the guilt of the Defendant." See Request for Disclosure at 1-2 (Feb. 25, 2025).

Decision and Order Denying Defendant's Motion to Dismiss
CF0078-25, *People of Guam v. Brian Joe Santos*
Page 1 of 6

Trial in this matter was scheduled to begin February 20, 2026. See Minute Entry (Feb. 17, 2026). However, that day, defense counsel informed the Court that Defendant had waived his speedy trial rights out of necessity because the People failed to provide him with relevant photographs taken of Victim until a few days prior to the trial's start date. See Minute Entry (Feb. 20, 2026). The People intend on introducing these photographs into evidence during trial. See People's Amended Exhibit List at Exhibit 5 (Feb. 20, 2026). The Court rescheduled the trial to July 27, 2026 so that Defendant would have time to file a formal motion to dismiss. See Trial Scheduling Order (Feb. 23, 2026).

Defendant filed his Motion to Dismiss on March 5, 2026. Defendant seeks dismissal of the case with prejudice due to the People's delayed disclosure of their discovery obligations. See Motion at 2 (Mar. 5, 2026). Specifically, Defendant claims relevant photographs taken of Victim were not provided to him until February 16, 2026, four days before the scheduled trial. Id. at 3. Defendant believes dismissal with prejudice is the appropriate remedy because: (i) these particular photographs are crucial to the trial, and (ii) the People's delayed disclosure amounts to exceptional misconduct because they were in continuous possession of the photographs for the past year. Id. at 4-5.

The People filed their Opposition to Motion to Dismiss ("Opposition") on March 5, 2026. The People believe dismissal is a disproportionately severe remedy for the claimed discovery violation because Defendant has not shown substantial prejudice stemming from the violation. See Opposition at 2 (Mar. 5, 2026).

The Court held a hearing on April 24, 2026. The parties agreed to forgo oral arguments and instead submit on their briefs. See Court Recording at 10:11:00am (Apr. 24, 2026). The Court subsequently took the matter under advisement.

## DISCUSSION

### I. Preliminary Rules:

8 G.C.A. § 70.10 requires prosectors to turn over certain enumerated items to defense counsel upon a noticed motion by the Defendant. It reads as follows:

Decision and Order Denying Defendant's Motion to Dismiss
CF0078-25, *People of Guam v. Brian Joe Santos*
Page 2 of 6

(a) Except as otherwise provided by §§ 70.20 and 70.30, at any time after the first appearance upon noticed motion by the defendant, the court shall order the prosecuting attorney to disclose to the defendant's attorney or permit the defendant's attorney to inspect and copy the following material and information within his possession or control, the existence of which is known, or by the exercise of due diligence may become known to the prosecuting attorney:

> (4) any ... photograph ... which the prosecuting attorney intends to use in the trial or which was obtained from or belonged to the defendant;

> (7) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce his punishment therefor.

(b) The prosecuting attorney's obligations under this Section extend to any material information in the possession or control of members of his staff and any other persons who have participated in the investigation or evaluation of the case and who either regularly report or with reference to this case have reported to his office.

See 8 G.C.A. § 70.10

8 G.C.A. § 70.45 lays out the remedies available when a party fails to comply with their discovery obligations. It reads as follows:

> If at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an order issued pursuant to this Chapter, the court may order such party to comply with the prior order, grant a continuance, or issue such other order as it deems just under the circumstances.

See 8 G.C.A. § 70.45.

Courts have great discretion in deciding appropriate remedies for discovery violations. When choosing a remedy, courts should consider "the following factors: 1) reasons why the disclosure was not made; 2) the extent of prejudice, if any, to the opposing party; 3) the feasibility of rectifying that prejudice by a continuance, and 4) any other relevant circumstances." See *People v. Tuncap*, 1998 Guam 13 ¶ 25.

In certain situations, courts may opt for dismissal of the case or exclusion of the material not disclosed. However, "it seems better policy ... to apply sanctions which affect the evidence at trial and the merits of the case *as little as possible*." See Note to 8 G.C.A. § 70.45 (emphasis added). "The sanction of dismissal is a disfavored remedy" and is appropriate only when the misconduct is

Decision and Order Denying Defendant's Motion to Dismiss
CF0078-25, *People of Guam v. Brian Joe Santos*
Page 3 of 6

"grossly shocking and so outrageous as to violate the universal sense of justice." See *Tuncap* at ¶ 26.

## II. Although the People violated their discovery obligations, this violation does not warrant the extreme remedy of dismissal.

Under their 8 G.C.A. § 70.10 duties, the People were required to turn over "any ... photograph ... which the prosecuting attorney intends to use in the trial" as well as "any material or information which might tend to negate the guilt of the Defendant" because Defendant specifically requested such disclosure. See Request for Disclosure at 1-2 (Feb. 25, 2025). The People failed to timely disclose the photographs of Victim when they waited until four days before the trial's scheduled start date to do so.

In deciding what the appropriate remedy is for the People's discovery violation, the Court considers the factors adopted in *Tuncap*.

### a. Factor One: Reasons why timely disclosure was not made

The People have not provided any reason why timely disclosure was not made. The record indicates the People had possession and control over the photos since the case's inception. This suggests the People's belated disclosure was a purposeful decision to withhold evidence and a willful violation of their discovery obligations.

### b. Factor Two: The extent of prejudice, if any, to Defendant

Defendant suggests this violation prejudiced his right to a fair trial because the belated disclosure forced him to choose between his right to a speedy trial and the right to be apprised of the evidence against him. See Motion at 4-5 (Mar. 5, 2026). In making this claim, Defendant gives several blanket labels to these photographs, calling them both "crucial" to the People's case and "exculpatory" in nature. Id. at 4-5.

However, Defendant failed to articulate how this belated disclosure prejudiced him. Defendant provides no explanation for why these photographs are consequential. The photographs are likely inconsequential, providing only visual context to the other evidence in the People's case against Defendant. Defendant also provides no explanation for why these photographs are exculpatory. Defendant does not suggest any different strategic action he would have taken if given

Decision and Order Denying Defendant's Motion to Dismiss
CF0078-25, *People of Guam v. Brian Joe Santos*
Page 4 of 6

more time to prepare and use these photographs in his defense. Simply put, Defendant failed to explain any significant prejudice suffered by the belated disclosure.

### c. Factor Three: The feasibility of rectifying that prejudice by a continuance

Even if Defendant was correct in claiming the People's belated discovery prejudiced his right to a fair trial, that prejudice was rectified because the Court rescheduled the trial to July 27, 2026. See Trial Scheduling Order (Feb. 23, 2026). This provided Defendant with over five months of additional time to review the photographs and utilize them in the preparation of his defense.

### d. Factor Four: Any other relevant circumstances

Defendant believes dismissal and the strong message it sends is appropriate to correct systematic discovery violations by the People, claiming "this is not the only case that the Government has failed to provide the defendant with all the discovery". See Motion at 4 (Mar. 5, 2026).

However, "it is not the court's place to impose sanctions or policies on ... the OAG to rectify cumulative issues relative to discovery violations. The inquiry over the appropriateness of a sanction ... for a discovery violation ... is case-specific." See *People v. Nego*, 2021 Guam 3 ¶ 24.

In this case, the extreme remedy of dismissal is inappropriate because Defendant failed to explain any significant prejudice suffered by the belated disclosure. Furthermore, any prejudice actually suffered was rectified because the trial was postponed over five months beyond the date of disclosure.

## III. The People's discovery violation warrants the remedy of their public chastising.

Remedies less severe than dismissal would appropriately address the People's discovery violation and accomplish the desired result of future compliance with discovery orders. The Guam Supreme Court lays out several possible remedies, including "holding the attorney in contempt", "personal fines", "holding the Chief Prosecutor or Attorney General in contempt", "initiating disciplinary actions by reference to the bar", and "chastising counsel in a public opinion". See *Tuncap* at ¶ 28.

Here, the Court finds it appropriate to criticize the People for their belated discovery. The People provided no explanation as to why timely disclosure was not made. Furthermore, discovery

Decision and Order Denying Defendant's Motion to Dismiss
CF0078-25, *People of Guam v. Brian Joe Santos*
Page 5 of 6

statutes were "developed with the goal of expediting cases" through our judicial system. Id. at ¶ 32. The People's delayed disclosure resulted in a five-month postponement of Defendant's trial. This is clearly contrary to the purpose of our discovery statutes and is not welcomed in this jurisdiction.

<u>**CONCLUSION**</u>

For the reasons stated above, the Court **DENIES** Defendant's Motion. Dismissal with prejudice is much too severe a remedy for the People's discovery violation because Defendant failed to articulate substantial prejudice caused by the violation. However, the People should be criticized for their belated disclosure and shall not make a trend out of it.

**IT IS SO ORDERED** this      **June 15, 2026** .

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA E-MAIL.
I acknowledge that an electronic copy of the original was e-mailed to:
_AG, PDSC_

Date: _6/15/26_ Time: _1:47pm_
_Antonio P. Cruz_
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Dismiss
CF0078-25, *People of Guam v. Brian Joe Santos*
Page 6 of 6